FILED

2010 May-13  AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )    5:10-CR-165-VEH-HGD |
| | ) |
| JANE G. POSEY | ) |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to plead guilty to **COUNTS** ONE and TWO of the Information filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Defendant's Initials _____

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may

be imposed for the crime of False Statements, in violation of Title 18, United States

Code, Section 1001, as charged in COUNTS ONE and TWO, is:

        a.     Imprisonment for not more than 5 years;

        b.     A fine of not more than $ 250,000 , or,

        c.     Both (a and b);

        d.     Supervised release of not more than 1 year; and

        e.     Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the

trial of this case:

On October 17, 2008, J. M. and J. C., private investigators with Posey Investigations, were detained by the Redstone Arsenal Police Department. J. M. and J. C. were videotaping the U.S. Army Project Executive Office, Building 5250. J. M. and J. C. identified themselves as private investigators conducting surveillance on a witness in a divorce matter. J. M. and J. C. were found to be in possession of NASA visitor and access badges for Building 4200, which is a NASA building. J. M. and J. C. acknowledged that they did not visit building 4200, but obtained the NASA visitor badges for the sole purpose of accessing Redstone Arsenal to conduct surveillance in the area of Building 5250.

Page 2 of 12           Defendant's Initials

A query of the NASA Visitor Management System confirmed that J. M.'s and J. C.'s NASA access badges were requested and sponsored by Jane G. Posey, an employee of NASA. Posey was contacted by NASA Protective Service Officers and admitted to requesting facility access for J. M. and J. C. Posey would enter the visitor information in the Visitor Management System and state the purpose of the visit was to see Posey in Building 4200. Posey knew that the individuals from Posey Investigations were gaining access to Redstone Arsenal to do surveillance. Posey is the former spouse of William Posey, the owner of Posey Investigations. A further query of the NASA Visitor Management System identified a total of 86 instances, occurring between December 2006 and October 2008, in which Posey arranged facility access for employees of Posey Investigations.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
**JANE G. POSEY**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

        (a)    That the defendant be awarded an appropriate reduction in

Defendant's Initials

offense level for acceptance of responsibility;

(b)   That the defendant be sentenced to a term consistent with the low end of the advisory United States Sentencing Guideline range as that range is determined by the Court on the date that the sentence is pronounced;

(c)   That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d)   That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and,

(e)   That the defendant pay a special assessment fee of $200, said amount due and owing as of the date sentence is pronounced.

Defendant's Initials

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, JANE G. POSEY, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence; and,

(b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to

Defendant's Initials

the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, JANE G. POSEY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
JANE G. POSEY

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

Page 6 of 12          Defendant's Initials _____

## VI. AGREEMENT NOT BINDING ON THE COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation.   Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID.   In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should**

the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX.  OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.  COLLECTION OF FINANCIAL OBLIGATIONS

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.  The defendant also agrees that the defendant's financial statement and disclosures will be

Defendant's Initials

complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

_____As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of ttwelve (12) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,**

Page 10 of 12          Defendant's Initials

**NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

[_____]

(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_5/6/10_          _Jane S. Posey_
DATE                    JANE G. POSEY
                            Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this Agreement and consents to all its terms.  I believe the

Page 11 of  12          Defendant's Initials _JGP_

plea and disposition set forth herein are appropriate under the

facts of this case and are in accord with my best judgment.  I concur in the entry of

the plea on the terms and conditions set forth herein.

5-10-2010
DATE

BRUCE A. GARDNER, ESQ.
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and

disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

May 11, 2010
DATE

RUSSELL E. PENFIELD
Assistant United States Attorney

Revised November 2009

Defendant's Initials